UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**RY'LENCIA LEE,**

   Plaintiff,

v.                                                       No. 4:23-cv-0790-P

**RACETRAC, INC.,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion to Strike Plaintiff's Jury Demand (ECF No. 13). For the reasons stated below, Defendant's Motion is **DENIED.**

## BACKGROUND

This case arises from Defendant's alleged discrimination and retaliatory termination of Plaintiff on the basis of sex, and Plaintiff's alleged false imprisonment by a coworker at her assigned store location.

During the great winter storm of 2022, Plaintiff was working at Defendant's Eastchase Parkway store in Fort Worth. Plaintiff alleges that a male store employee became upset that she was listening to music while working. Plaintiff alleges that the employee then instructed Plaintiff to accompany him to the back of the store and instructed another male staff member to lock the store's front door. Plaintiff allegedly refused and called an offsite manager to report the behavior—Plaintiff's offsite manager then travelled to the Eastchase location to investigate while Plaintiff allegedly remained locked inside the store with her two male coworkers.

Plaintiff further alleges that the offsite manager arrived and instructed Plaintiff to go home. Plaintiff alleges that she was terminated just after formally complaining about the workplace episode.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and timely filed this suit. Defendant now requests that this Court strike Plaintiff's demand for a jury trial.

## LEGAL STANDARD

The Seventh Amendment provides that "[i]n Suits at common law, where the value of in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved." U.S. CONST. amend. VII. Leaving it to lawyers to read "shall" to mean "may," the courts have long held that this right long "preserved" can be easily spoiled by waiver. *See e.g., Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848–49 (1986); *Pizza Hut, LLC v. Pandya*, 79 F.4th 535, 540–41 (5th Cir. 2023). Indeed, our own rules now require a party to affirmatively invoke the Seventh Amendment as though it were a stratagem for the shrewd solicitor rather than the right of a citizen in search of justice. FED. R. CIV. P. 38(d).

In any event, the right to a jury trial in civil cases may be expressly or impliedly waived. *Pizza Hut*, 79 F.4th at 540–41. For an express waiver to be enforceable, the LAW "requires only that the party waiving such right do so 'voluntarily' and 'knowingly' based on the facts of the case." *Id.* (quoting *Seaboard Lumber Co. v. United States*, 903 F.2d 1560, 1563 (Fed. Cir. 1990)). The Fifth Circuit recently settled that the burden now rests upon the party seeking to void the waiver to show that the waiver was unknowingly, unintelligently, or involuntarily made. *Id.* at 541.

To determine whether a jury waiver was knowingly and voluntarily made, courts in the Fifth Circuit generally balance four factors: (1) whether both parties had an opportunity to negotiate the terms of the agreement; (2) whether the provision waiving jury trial was conspicuous; (3) the relative bargaining power of the parties; and (4) the business acumen or professional experience of the party opposing the waiver. *Servicios Comerciales Lamosa, S.A. de C.V. v. De La Rosa*, 328 F. Supp. 3d 598, 619–20 (N.D. Tex. Aug. 30, 2018) (Lindsay, J.). In balancing these factors, the Court begins with a presumption *against*

waiver. *RDO Fin. Servs. Co. v. Powell*, 191 F. Supp. 2d 811, 813 (N.D. Tex. Feb. 25, 2002) (Lynn, J.).

## ANALYSIS

Here, Defendant contends that the waiver is enforceable merely because it was conspicuous, and Plaintiff acknowledged that she in fact signed it as a part of her employee onboarding paperwork. ECF No. 13 at 8–11. Plaintiff replied that she was never given contact information for anyone associated with her employer to whom she could direct questions or objections about the waiver, that her employee/employer relationship implies a disparity in bargaining power, and that she was insufficiently sophisticated to understand the legal implications of waiving her right to a jury for litigation which was not guaranteed to occur. ECF No. 17 at 12–16.

The Court concludes that factors one, three, and four overwhelmingly weigh in Plaintiff's favor and invalidate the waiver of her right to a jury trial.

*First*, the waiver was one provision of a document which, in turn, was one of many agreements Plaintiff was required to complete for her employment to begin, and Plaintiff contends she was never informed who she could contact to answer agreement-specific questions. *Id.* While an employer does not carry a duty to inform an employee that standard contract terms are negotiable, *Jeffrey J. Glaser, MSD, P.A. v. Compass Bank, N.A.*, 2010 WL 11553124, at *3 (E.D. Tex. July 14, 2010) (Mazzant, M.J.), the Court is unpersuaded that Plaintiff would have even understood that she could *inquire* when the waiver was a unilateral one, included in many agreements summarily presented in an electronic form as a precondition to beginning employment. ECF No. 17 at 9, 13.

*Second*, the disparity of bargaining power in this case compels the conclusion that Plaintiff was at a disadvantage for the purposes of a waiver as serious as one preemptively eliminating a constitutional right. A unilateral waiver indicates a disparity in bargaining power. *See Zavala v. Aaron's, Inc.*, 2015 WL 5604766, at *3 (E.D. Tex. Sept. 23, 2015) (Mazzant, J.). And an agreement is unilateral when it prohibits only one party from requesting its right to a jury trial. *Id.* at *4.

3

"Unilateral waivers generally should not be enforced because they indicate that the agreement was not actually negotiable." *Id.* (citing *Branch Banking & Tr. Co. v. Price*, 2011 WL 5403403, at *2 (S.D. Miss. Nov. 8, 2011) (Parker, M.J.)).

Here, Plaintiff's waiver is unilateral by its own words: "**I** [the signatory] **agree** to waive **my** right to a trial by jury." ECF No. 13 at 7 (emphasis added). Nowhere in the waiver at issue—a prerequisite for employment—is there language indicating that Defendant equally waived *its* right to a jury trial in any subsequent claims it may assert against its employees. The Court is loath to allow the one-sided nullification of a constitutional right in a two-party contract.

*Third*, Plaintiff's lack of business acumen weighs in her favor. And while the plain understanding of jury waiver language does not require extraordinary sophistication, *G & C Const., LLC v. Kiewit Louisiana Co.*, 2012 WL 601887, at *3 (E.D. La. Feb. 23, 2012) (Duval, J.), courts consider the business and professional experience of the party seeking to void the waiver. *See Pizza Hut*, 79 F.4th, at 546. Here, it strains credulity to think that a convenience store employee possesses sufficient legal or business acumen to understand the import of a unilateral pre-dispute jury waiver. Defendant adduces no evidence to show that Plaintiff was as sophisticated as the complex businessmen in *Pizza Hut*—let alone that she has any extensive experience or exposure to standardized employment contracts.

Defendant attempts to bar this Plaintiff's use of a jury by merely arguing that "words mean stuff." But so does the Constitution. Here, the Court concludes that the "preserv[ation] . . . [of] the right to trial by jury" means more. U.S. CONST. amend VII; *See* JOHN ADAMS, THE REVOLUTIONARY WRITINGS OF JOHN ADAMS 55 (C. Bradley Thompson ed., 2000) ("Representative government and trial by jury are the heart and lungs of liberty.").

## CONCLUSION

Because Plaintiff's waiver of her right to trial by jury was not intelligent, knowing, or voluntary, Defendant's Motion to Strike (ECF No. 13) is **DENIED.**

**SO ORDERED** on this **2nd day of November 2023.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE